IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

BRIAN RICHARDSON                              §

VS.                                          §                    CIVIL ACTION NO. 1:12cv359

JOSHUA MOORE                                 §

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Brian Richardson, proceeding *pro se*, filed the above-styled civil rights lawsuit. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable orders of this court.

The defendant has filed a Motion for Summary Judgment Limited to the Defense of Exhaustion of Administrative Remedies (document number 52). The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motion be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Plaintiff filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust "such administrative remedies as are available" before filing a lawsuit in federal court. The Texas state prison system provides a two-step grievance procedure. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999). Proper exhaustion requires that inmates complete both steps of the procedure. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

In this case, plaintiff only filed a Step 1 grievance. The response he received stated as follows:

A copy of your grievance was forwarded to Major Anders and he has responded with the following referral to Office of the Inspector General. Additionally a copy of your grievance was included in Use of Force Report #MA 04496-08-10 for further review.

The Magistrate Judge, relying on the unpublished decision in *Aguire v. Dyer*, 233 F. App'x 365 (5th Cir. 2007), concluded plaintiff's failure to file a Step 2 grievance was fatal to his claim because nothing in the response plaintiff received to his Step 1 grievance indicated he could not appeal the response he received or that he was required to wait and see whether the Inspector General opened an investigation before filing a Step 2 grievance. The Magistrate Judge distinguished plaintiff's situation from that of the plaintiff in *Rosa v. Littles*, 336 F. App'x 424 (5th Cir. 2009). In *Rosa*, the United States Court of Appeals for the Fifth Circuit concluded the plaintiff was not required to file a Step 2 grievance because the response he received to his Step 1 grievance stated the Inspector General had opened an investigation and that all further correspondence concerning the matter should be forwarded to the Inspector General.

In his objections, plaintiff states he was not required to file a Step 2 grievance because the Inspector General would not have determined whether or not to open an investigation before the deadline for filing a Step 2 grievance had expired.

The court's discretion to excuse a plaintiff's failure to fully exhaust his administrative remedies is exceedingly limited. In considering the exhaustion requirement established in Section 1997e(a), the Supreme Court recently stated:

> No doubt, judge-made exhaustion requirements, even if flatly stated at first, remain amenable to judge-made exceptions. But a statutory exhaustion provision stands on a different footing. There, Congress sets the rules–and courts have a role in creating exceptions only if Congress wants them to. For that reason, mandatory exhaustion statutes [like Section 1997e(a)] establish mandatory exhaustion regimes, foreclosing judicial discretion.

*Ross v. Blake*, 2016 WL 3128839 at *5 (S. Ct. June 6, 2016) (internal citations omitted).

A Texas prisoner has 15 days from the date he receives a response to his Step 1 grievance to file his Step 2 grievance. Plaintiff's contention that the Inspector General would not have made a determination as to whether an investigation should be opened within that time period appears to be reasonable. However, as the Magistrate Judge stated, nothing in the response to plaintiff's Step 1 grievance indicated he had to wait until the Inspector General made his determination before filing a Step 2 grievance. Further, unlike the response received by the plaintiff in *Rosa*, the response plaintiff received to his Step 1 grievance did not indicate that further questions regarding the matter

should be pursued through the Inspector General rather than through the grievance procedure. Finally, again unlike the response received by the plaintiff in *Rosa*, the response plaintiff received did not indicate he had already received some relief in the form of an investigation being opened.

Nothing in the record indicates there were any restrictions on plaintiff's ability to file a Step 2 grievance regarding his complaint. Plaintiff therefore had an additional step in the grievance process available to him. As plaintiff did not pursue all steps in the grievance process that were available to him, and as the court lacks the authority to excuse his failure to pursue his administrative remedies through all available steps, his lawsuit must be dismissed.

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. The defendant's motion for summary judgment is **GRANTED**. A final judgment shall be entered dismissing this lawsuit.

**SIGNED** this the 5 day of **July, 2016.**

_____
Thad Heartfield
United States District Judge